```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

ANNA IVERY,

                Plaintiff,

vs.                                   Case No.   2:06-cv-128-FtM-99SPC

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## OPINION AND ORDER

     This matter comes before the Court on plaintiff's EAJA Motion for Award of Attorney Fees (Fourth Sentence Remand) (Doc. #16), filed on August 22, 2006.  The Commissioner filed a Response (Doc. #17) on September 1, 2006, expressing no objection for the amount requested.

     Plaintiff in this cause sought judicial review of the final decision of the Commissioner of Social Security of the Social Security Administration (the Commissioner) denying her claim for benefits.  On August 4, 2006, the Court entered an Order (Doc. #13) granting the Commissioner's Motion for Entry of Judgment With Remand (Doc. #12), and reversing and remanding the case to the Commissioner pursuant to sentence four, and directing the entry of judgment.  Judgment (Doc. #14) was entered on August 7, 2006.

**A.   Entitlement To Fees and Expenses**:

     In order for plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA), the following five (5)

conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990).

The Court finds that all conditions for the EAJA fees have been satisfied and the Commissioner does not otherwise object to Plaintiff's establishment of any of the above conditions.

**B. Calculation of Reasonable Attorney Fees:**

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988), aff'd 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). Plaintiff seeks a total of $1,267.16 in attorney fees for 7.9 hours of work in 2006, at a rate of $160.40 an hour.

Plaintiff requests attorney fees for attorney Jonas Kushner. The Court finds that the hourly rate is reasonable in light of the current Consumer Price Index (CPI), and the government does not object to the rate. Additionally, after reviewing the description

of the services provided, the Court concludes that the time is reasonable and properly compensable.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's EAJA Motion for Award of Attorney Fees (Fourth Sentence Remand) (Doc. #16) is **GRANTED.**

2. Attorney fees in the amount of **$1,267.16** for Jonas Kushner shall be awarded to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2142(d).

3. The Clerk shall enter an Amended Judgment accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of September, 2006.

```
                                    /s/ John E. Steele
                                    JOHN E. STEELE
                                    United States District Judge
```

Copies:
Counsel of record